No. 15,299.

INTER-MOUNTAIN IRON & METAL COMPANY ET AL.
*v.* CORTINEZ.
(162 P. [2d] 237)

Decided September 24, 1945.

Mr. BERNARD E. ENGLER, for plaintiffs in error.

Mr. JOHN L. MOFFETT, Mr. CLARENCE A. BAILEY, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there.

Plaintiff brought this action under the Fair Labor Standards Act, sections 207, 208 and 216, Title 29 U. S.

Code Ann., claiming unpaid minimum wages and overtime compensation in the sum of $419, plus statutory penalty and attorney's fees, alleging that his employment was "in the production of goods for interstate commerce." There were two causes of action, one based upon his personal claim, the other upon that of a fellow employee assigned to him. No distinction in these appears and we hereinafter make none.

The complaint was filed January 9, 1942. Two weeks later plaintiff filed certain interrogatories calling upon defendant for the time plaintiff was employed, rate of wages, customary working hours, weekly payment of wages, etc. February 14, 1942 plaintiff signed a "compromise" settlement under which he received and has retained $296.76 in full of all claims covered by this action, which, however, he did not dismiss. March 16, following, defendant answered the interrogatories. Said answers are not abstracted. March 31, 1942 the defendant answered the complaint denying generally. August 31, 1942 plaintiff moved for summary judgment under our Rule 56, demanding $296.76 as liquidated damages under said section 216, supra, plus $300 attorney's fees. October 14, 1942 judgment was entered for plaintiff on his motion for said sum of $296.76, plus $100 attorney's fees. To review that judgment defendant prosecutes this writ, assigning as errors, inter alia, the insufficiency of evidence and mistake of law in that defendant's liability under the federal act, supra, was in dispute, was an issue of fact, and hence summary judgment was improper.

■ The record in this case discloses three definite questions of fact, raising issues which should have been tried: 1. Was plaintiff employed in the production of goods for interstate commerce? If not his action fails. 2. If he was so employed, what was the exact amount due him? 3. Was there a consideration for the compromise? If so plaintiff has been fully paid.

The judgment is accordingly reversed and the cause remanded for trial.

MR. CHIEF JUSTICE BAKKE and MR. JUSTICE STONE concur.